# Noble, *et al.*, *v.* Metcalf.

## Bill to Declare Certain Persons Remaindermen, and to Prevent Waste and Decay of the Corpus of the Estate.

(Decided June 30, 1908. Rehearing denied Dec. 24, 1908.
47 South. 1007.)

*Wills; Contract to Devise; Construction; Rights of Beneficiary.*
—In consideration of a conveyance of lands to her the grantee promised to make a last will and testament devising the property to a named person. Held, such promise created no present estate or equitable interest in the will to be made, but was merely a promise to make the will, and in the nature of a covenant to stand seized to the use of the devisee, as if the promisor had agreed to take a life estate in the property with the remainder to the devisee, providing the promisor owned it at the time of her death, leaving in the promisor full power on her part to make any bona fide disposition of it during her life to another, otherwise than by will.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by John Metcalf, Jr., against George D. Noble and others, to prevent a waste and decay of the corpus of an estate. From a decree for complainant, respondents appeal. Reversed and rendered.

[Noble, et al. v. Metcalf.]

The case made by the bill is that William V. Metcalf was the owner of certain lands described in the bill, and that he died leaving as heirs his mother and certain brothers and sisters, he being an unmarried man; that his heirs executed to Catherine Sims, commonly known as Ida Graham, a deed to the land, the material part of which, as applicable to this case, is set out in the opinion; that under the proper construction of said deed Catherine Sims and her devises became and were the life tenants in said land, and orator became and was the remainderman, entitled to said lands upon the falling in of said life estate; that by some conveyance, unknown to orator, said Catherine Sims conveyed to the respondents herein the property above described; and that Catherine Sims is still living, and that she and the other respondents refused to make any repairs on the property, and as a result the property was going to decay, etc. The other facts sufficiently appear in the opinion.

RUSHTON & COLEMAN, for appellant. The promise of another to devise property is in the nature of a covenant to stand seized to the use of the promisee in the event the promisor owns it at the time of his death, with full power in the promisor to make any bona fide disposition of it to another during his life otherwise than by a will.—*Bohlman v. Overall,* 80 Ala. 456; *Manning v. Pippin,* 86 Ala. 362; *Johnson v. Hubbell,* 66 Am. Dec. 773; *VanDuyne v. Vreeland,* 12 N. J. E. 146; *Fortesque v. Hanna,* 19 Ves. 66; *Lewis v. Meddox,* 8 Vez. 158. Such an agreement does not fasten a trust upon any specific property, but the trust can only be fastened on such property as the promisor is seized of at the time of his death.—*Johnson v. Hubbell, supra; Cochran v. Graham,* 19 Vez. 66; *Eyre v. Monroe,* 26 L. J. Chan. 576; *Needham v. Kirkman,* 3 V. & A. 531; *Gregor v. Kemp,* 3 Swanst 404.

[Noble, et al. v. Metcalf.]

GUNTER & GUNTER, for appellee. The contract was good.—*Bohlman v. Overall,* 80 Ala. 451; *Manning v. Pippin,* 86 Ala. 362; *Gilmere v. Battison,* 1 Vernon 47.

McCLELLAN, J.—The bill purports to be by a remainderman against the grantees of a life tenant, and seeks the intervention of the court of equity to prevent waste and decay of the corpus of the estate. The real estate in question was held by William V. Metcalf at the time of his death; and his heirs at law executed the conveyance exhibited with the bill to Catherine Sims, commonly called Ida Ghaham. Therein this expression appears: "That for and in consideration of the sum of five dollars to each of us in hand paid by Catherine Sims, commonly known as Ida Graham, and in further consideration of a promise by the said Catherine Sims to make and execute her last will and testament bequeathing and devising her property, real and personal, to John Metcalf, Jr. * * *" It appears from the bill that Catherine Sims was living when the bill was filed, but that she had conveyed the real estate described in the exhibited deed to the respondents Noble.

It appears from the conveyance, the important feature of which we have quoted, that no life estate or equitable interest in præsenti in the complainant, Metcalf, to or in the real property described in the deed, was created or vested by the instrument. The whole meaning of the stated consideration, aside from the $5 mentioned, was that in futuro the grantee would make a will devising and bequeathing her property to John Metcalf, Jr. This is made perfectly certain by the employment of the word "Promise," which, as used, denoted only a future action, or an assurance of future action. Employing that term (promise) and expressly defining its assurance as a consideration for the conveyance, the deed cannot be read otherwise than that "I will during

my life execute my will and testament devising and be-
queathing my property to John Metcalf, Jr." No time
is fixed for that act to be performed, further than is
necessarily implied in the fact that she must do so while
living. Obviously such an assurance of future action,
wholly unlimited, pending her life, could not be inter-
preted so as to vest complainant with any right or in-
terest in any specific property during the life of Cathe-
rine Sims, because no breach of the promise, or cove-
nant, if such it is, could occur while yet she lived. Had
complainant, immediately upon the execution and de-
livery of the deed, demanded of the grantee the execu-
tion of her will, she might well have, without offending
the promise set forth in the instrument, replied: "I
decline, since my promise is redeemable at any time dur-
ing my life." If this view is correct, then the property
seised and possessed by Catherine Sims at her death—
a time with reference to which the will must speak—
would be the property to be affected by the promise pres-
ent in this deed.

If our interpretation is correct, *Bolman v. Overall*,
80 Ala. 451, 2 South. 624, 60 Am. Rep. 107, is, we think
an authority in point. After stating the principle upon
which courts of equity assume to enforce rights arising
from otherwise valid agreements to make wills, which
is effected by the imposition of a trust in favor of the
promisee, it is said : "It is in the nature of a covenant
to stand seised to the use of the promisee, as if the prom-
isor had agreed to retain a life estate in the property,
with remainder to the promisee in the event the prom-
isor owns it at the time of his death, but with full power
on the part of the promisor to make any bona fide dis-
position of it during his life to another, otherwise than
by will. The power to make such a will having been re-
nounced, the attempt to exercise it is deemed a fraud.
*   *   *""

[Sharpe, et al. v. Miller.]

Our construction of the instrument of course operates to deny equity to the bill; and the decree below is therefore reversed, and one will be here rendered dismissing the bill.

Reversed and rendered.

Tyson C. J., and. Anderson and Denson, JJ., concur.